JAMES CLARK ET AL., Respondents, *v.* GERMAN MUTUAL FIRE INSURANCE COMPANY, Appellant.

April 15, 1879.

1. One trading under the name of "National Slipper Company" assumes that designation as his trade name, and that he insures in that name is not, in the absence of deceit, a breach of warranty that the interest of the assured in the policy shall be truly stated.

2. The name "National Slipper Company" does not necessarily imply a corporation, nor an association of persons; it may be the trade name of one man.

APPEAL from St. Louis Circuit Court.

*Affirmed.*

R. E. ROMBAUER, for appellant: The name National

Slipper Company either implies *prima facie* a corporation. (Aug. & Ames on Corp., 10th ed., sect. 635 ; *Troy Congregational Soc.* v. *Perry*, 6 N. H. 164, 165), or it implies *prima facie* an association of persons. — *Williams* v. *Bank*, 7 Wend. 542 ; *Bank* v. *Stearns*, 15 Wend. 316. But in no event can it *prima facie* imply an individual, nor could the interest of an individual not named in the policy be covered by it. — *Wise* v. *Insurance Co.*, 23 Mo. 80, 83 ; *Insurance Co.* v. *Hale*, 12 Mich. 203. Where the title and ownership of the assured are not correctly stated in a policy of this character, it amounts to a breach of warranty, and no recovery can be had on the policy. — *Abbott* v. *Insurance Co.*, 3 Allen, 213, 215 ; *Philip Beckel & Co.* v. *Insurance Co.*, 20 Ohio, 174 ; *Graves* v. *Insurance Co.*, 2 Cranch, 419 ; *Steele* v. *Insurance Co.*, 17 Pa. St. 290 ; *Getchell* v. *Insurance Co.*, 14 Allen, 325 ; *Merrill* v. *Insurance Co.*, 48 Me. 285 ; *Johns* v. *Insurance Co.*, 8 Bosw. 587.

G. M. STEWART, for respondents : The failure of the insured to state that the National Slipper Company was his trade name does not avoid the policy, he having correctly answered all questions, and having been guilty of no deceit. — *Boggs* v. *Insurance Co.*, 30 Mo. 63 ; *Rawles* v. *Insurance Co.*, 13 Smith, 282 ; *Clark* v. *Insurance Co.*, 8 How. 235 ; 10 Mass. 360 ; 18 Ill. 88 ; 13 Johns. 38. Where misrepresentation or concealment, or fraud of any kind, is relied upon, it must be pleaded. — *Castor* v. *Insurance Co.*, 54 Me. 170 ; *Mueller* v. *Insurance Co.*, 45 Mo. 84 ; *Northrup* v. *Insurance Co.*, 47 Mo. 435 ; 20 Barb. 468 ; 5 Gray, 432, 541.

BAKEWELL, J., delivered the opinion of the court.

This action is on a policy of insurance against fire, and is brought by the assignees of the person originally insured. There was a verdict and judgment for plaintiffs, and defendant appealed.

The policy contains a provision that " any other than

exclusive ownership shall render this policy void,'' and that `` if the interest of the assured in the property is not truly stated, the policy shall be void.'' It purports to insure the National Slipper Company. The testimony of the assignor of plaintiffs, one Charles W. Aldrich, was to the effect that he owned the stock insured at the time the policy was issued ; that he made application for insurance through an agent ; that at the date of the insurance he was doing business under the name of the National Slipper Company, but whether the defendant knew that fact, or was informed thereof, he could not tell. The policy was introduced in evidence. It purported to insure the National Slippper Company. Defendant objected to the introduction of the policy, on the ground that it did not purport to insure Aldrich, but a corporation called the National Slipper Company. Defendant offered to show that its officers, at the time of the insurance, believed they were insuring a corporation, and that this was a material inducement to taking the risk. The court excluded this testimony. The court also refused an instruction to the effect that if the officers of defendant believed the National Slipper Company to be a corporation, and were never informed as to the true owner of the property until after the loss, there can be no recovery ; and also gave instructions ignoring the law as declared in the instruction refused. The only points made by appellant are, that the court erred in refusing the above instruction, and in its other actions above set forth based upon the theory of the law of the case indicated by the rejection of that declaration of law.

The statement that this property was owned by the National Slipper Company was a warranty, as is any statement upon the literal truth of which the validity of the contract depends. If the statement was untrue, although it might be immaterial to the risk, it avoids the policy.

The custom is universal for all male persons in England and the United States to bear the name of their father ; but

there is nothing, in the absence of a statute to that effect, to prevent a man from taking another name if he chooses to do so. One may assume a name, and contract by the name he has assumed, and will be bound by the contract. The law looks only at the identity of the individual. *Snooks's Case*, 2 Hilt. 566.

In the absence of fraud, a firm may trade by the name of an individual, and an individual may trade as Smith & Company. In New York, indeed, it is, or was, prohibited by statute to use a fictitious name; and the word " company," when used in trade, must represent a partner. But we have no such law.

In Massachusetts, it has been held that a declaration by F. Charman, on an account stated, may be supported by evidence of an account rendered by defendants to Charman & Co. It is said that Charman & Co. is not necessarily the name of several persons, and it is a matter of evidence who is intended by that designation. *Charman* v. *Henshaw*, 15 Gray, 293.

The National Slipper Company is not necessarily the name of a corporation. It may be the name of a firm, or it may be the name of one man trading under that name. Suppose three men build up a trade under the name of the National Slipper Company, and two retire, and the name has a business value. Is the sole remaining trader to give up a valuable name simply because, according to its grammatical meaning, it imports plurality? In the absence of any deceit practised, we see no impropriety in the sole trader retaining the old trade-name. Of this possibility prudent persons will take notice; and, if they have a reason for knowing who or what is represented by the name, they will ask. It may be an artificial person, or several natural persons, or one. The name tells nothing as to this; and what is intended by the designation is matter for inquiry and evidence.

Here, the National Slipper Company was a name assumed

by Aldrich; he traded by that name. When the National Slipper Company was insured, he alone was insured. It is not pretended that there was any concealment or misrepresentation about the matter. A mere variance of name cannot prejudice, where the identity of persons appears. The petition in the case at bar alleged that the contract was made with Aldrich by the name of the National Slipper Company, and the evidence sustained the averment. *American Society* v. *Varick*, 13 Johns. 38.

It is not pretended that the interest of the insured was untruly stated, or that he had not an exclusive ownership according to the warranty; but the claim is that the party insured has no existence, that he was supposed to be an artificial person, and that he turns out to be a natural person whose family name was Aldrich, that he had also another name by which he traded, and that he applied for insurance in that name. No inquiry was made as to who were the persons, or who was the person, going by the name in which Aldrich was insured. No fraud, misrepresentation, or concealment is pleaded, and it is not claimed that there was any. The answer is a general denial, and, as to this, merely traverses the allegation that defendant insured Aldrich under the name of the National Slipper Company, by which name he was trading at that time.

Our attention is directed by appellant to the case of *Abbott* v. *Shawmut Insurance Company*, 3 Allen, 214, as directly in point, and conclusive against respondents. It does not appear in that case that Abbott was trading as the "Abbott Worsted Company." The testimony was that the property belonged to J. W. Abbott. The application was made, by the terms of the contract, a warranty, and was signed "Abbott Worsted Company, J. W. Abbott, Treasurer," and said that the property belonged to the Abbott Worsted Company. This was, in effect, a statement that there was a company distinct from Abbott, of which he was the treasurer. As

the representation was a warranty, the court was compelled to admit the defence ; and it was also compelled to exclude evidence that the agent of the insurance company at the time knew that Abbott was the only party interested, because the policy stipulated that he should be regarded as the agent of the applicant. Such purely technical defences are valid ; but the Supreme Court of Massachusetts, whilst recognizing their validity, take occasion to warn persons insuring to examine their policies, and say that the one before it in that case was so constructed that it must have been practically useless as a protection, since a case of fire can hardly be conceived that would not come under some one or other of its many exceptions. *Miles* v. *Insurance Co.*, 3 Gray, 380 ; 3 Allen, 214.

In the present case, we do not think that the defence was made out. It does not appear that the title and ownership were incorrectly stated.

The judgment is affirmed. All the judges concur.