LENA SIMON v. THE HOME INSURANCE COMPANY OF
NEW YORK.

*Fire insurance— Want of sworn plea—Cross-examination.*

1. The averment in a declaration on an insurance policy, that it was made and issued to plaintiff as described, is admitted if not denied by affidavit filed with the plea. Circ. Court Rule 79. And in such case questions arising out of an alleged mistake in the name of the insured or relating to the ownership of the policy or the mode of its procurement are not open to consideration.

2. Where in an action on a fire insurance policy the plaintiff has testified as to the condition of her dress and her children's in escaping from the fire, cross-examination on this point is immaterial unless fraud is charged or the fire was wrongful, Nor can it be made a basis of impeachment.

3. Repetitions of questions in different language are properly excluded on cross-examinations after full answers have been given.

Error to Wayne. (Speed, J.)   Oct. 15.—Oct. 28.

ASSUMPSIT.   Defendant brings error.   Affirmed.

*Blodget & Patchin* and *Cheever & Underwood* for appellant.

*Geo. S. Hosmer (Dickinson, Thurber & Hosmer)* for appellee.

CAMPBELL, J.   Plaintiff, a married woman, sued for insurance on a stock of goods and household articles burned March 26, 1884.   The policy was issued May 28, 1883, for $1000. It was issued to L. Simon on an application signed L. Simon, and in some of its provisions uses the word *his* and not the word *her*.   The plea was the general issue with special notices of defense, which were—*first*, that the policy was not made to plaintiff but to some other L. Simon ; *second*, that plaintiff did not own the property ; *third*, that the property was not burned, but removed ; *fourth*, that inflammable arti-

cles, forbidden by the policy, were kept ; and *fifth*, that the insurance was obtained not by a woman, but by a man who claimed to be L. Simon, and to own the property.

No affidavit was filed with the plea. The declaration, in accordance with the rules, set out in brief form that the policy was made and issued to plaintiff, as described. This, according to Rule 79, was admitted by the failure to deny it under oath. We do not very well see how there was any ground for a claim of fraud, when the premium was not left on credit, and where what are called warranties are practically no more than conditions and not grounds for an action upon them. But if any such possible wrong can be imagined to arise out of a mistake of names, it is not open to consideration here.

The question of ownership of property was gone into, and as all the testimony showed plaintiff owned it, there was no room for dispute about the attaching of the policy to it. The question whether the property had been removed was also fairly considered, and the jury found that fourteen hundred dollars worth of goods and furniture were destroyed.

So much of the exceptions as relate to rulings on the ownership of the policy and the manner of its procurement must be regarded as out of the case.

In relating the circumstances of the fire plaintiff mentioned her going with her children to a neighboring hotel, and their condition of dress. Objection is made that two questions were shut out on cross-examination as immaterial, relating to whether she and her children were not fully dressed. It appears, however, that she had just before, on cross-examination, answered fully as to the same facts, and it was not error to shut out its repetition, merely because in different words. But it was entirely immaterial on the issues. If there had been any plea that the fire was fraudulent and not accidental, the details would be very important, and it would be proper to allow a very searching examination. But when by the plea the honesty of the party is not assailed on that point, and the fire is admitted not to have been wrongful, it could make no difference, as to any issue in the case,

whether they escaped at leisure or in haste. And for this reason such answers could not be attacked by way of impeachment, and it was not error to so hold.

The remarks of the judge in his charge, appear to have been intended and proper to prevent the jury from being misled by false issues, and so far as we can perceive, were in no way calculated to infringe on their duties. We see nothing to indicate error in the conduct of the trial or in the charges and rulings, and

The judgment must be affirmed.

The other Justices concurred.