LIZZIE G. WHITE, Appellant, v. BELLEFONTAINE LODGE, INDEPENDENT ORDER OF ODD FELLOWS, Respondent.

St. Louis Court of Appeals, May 8, 1888.

CORPORATION — DENIAL OF CORPORATE CHARACTER. — Where the defendant, sued as a corporation, files with the answer, in accordance with the act of March 15, 1883, an affidavit stating that it is not a corporation, and no evidence is offered to the contrary, a judgment for the defendant must be affirmed.

APPEAL from the St. Louis Circuit Court, HON. JAMES A. SEDDON, Judge.

*Affirmed.*

LEE W. GRANT, for the appellant : The principle is well established that if an individual makes a contract with an association having a corporate name, in a suit by the association against him, he will not be allowed to deny that they are incorporated. This is true of religious and benevolent associations, as well as business corporations. *Church v. Pickett,* 19 N. Y. 485 ; *Society v. Perry,* 6 N. H. 164 ; *Medical Institute v. Harding,* 11 Cush. 285. If a benevolent association adopts articles of association, uses a name implying a corporate existence, makes contracts in this corporate name and not in the name of the individuals composing it, it would be unjust to allow it to evade a just debt by denying its corporate existence. *Barboro v. Occidental Grove,* 4 Mo. App. 429.

T. A. RUSSELL, for the respondent : When a case is tried before the court without a jury, no objections are made to any of the evidence, and no instructions are asked or given, the judgment will be affirmed. *Parkinson v. Coplinger,* 65 Mo. 290, 294, 295 ; *Harrison v. Bartlett,* 51 Mo. 170 ; *Wilson v. Railroad,* 46 Mo. 36.

All the evidence was heard and considered by the court, and having determined the question in favor of the respondent, the plaintiff has nothing of which to complain in this court. *Reese v. Cook*, 17 Mo. App. 512. By the act of March 15, 1883, it became necessary for defendant to file its affidavit in order to put in issue the fact of its incorporation, and having done this it was incumbent on the plaintiff to establish the incorporation, or show that the defendant was estopped from denying it. Session Acts, 1883, p. 121. The appellant failed to make the necessary proof on this point, and *prima facie* the respondent is not a corporation.

THOMPSON, J., delivered the opinion of the court.

This action is brought by the widow of a deceased member of the defendant lodge of the Independent Order of Odd Fellows to recover the sum of forty dollars, known in the constitution of subordinate lodges and in the by-laws of defendant lodge as a "funeral benefit," and the further sum of two dollars per week for a period of forty-two weeks elapsing since the death of her husband, as a "widow's benefit" under such constitution and by-laws.

I. The petition alleges that the defendant is a benevolent corporation of the state of Missouri. The defendant appeared by the name by which it was impleaded in the petition and answered by a general denial. Separate from the answer and not referred to therein, is an affidavit to the effect that the defendant is not a corporation as alleged in the petition. This affidavit seems to satisfy the terms of the act of March 15, 1883, which provides that the fact of the existence of a corporation must be put in issue by an affidavit filed with the pleadings. This affidavit cast upon the plaintiff the burden of proving that the defendant was a corporation; but the plaintiff introduced no evidence tending to show that such was the fact, and the defendant, on the contrary, introduced evidence tending to show that it had never been incorporated. As the suit

has not been properly brought, we shall affirm the judgment without looking into the merits, with the additional observation that if, after the decision and opinion of the circuit judge in this case, the plaintiff shall be advised that she has a cause of action, nothing herein decided will prevent her from bringing an action against the individuals who compose the defendant lodge.

Judgment affirmed.    All the judges concur.

ROMBAUER, P. J., delivered the opinion of the court on a motion for rehearing.

The plaintiff claims that the opinion ignores the fact that she sues the defendant as a corporation *de facto* and not *de jure*, and that, therefore, it was not incumbent upon her to prove the defendant's corporate existence, but she could rely upon the estoppel created by the fact of defendant contracting in a corporate name.

Where one contracts with a body assuming to act as a corporation, or by a name distinctly implying a corporate existence, both parties in a suit upon the contract are usually estopped from denying such corporate existence. *St. Louis Gas Light Co. v. City of St. Louis*, 11 Mo. App. 55; *Father Mathew Society v. Fitzwilliam*, 12 Mo. App. 445; *Hasenritter v. Kirchhoffer*, 79 Mo. 239. This results from the fact that holding otherwise would work a fraud on one of the contracting parties. But, how this principle can be invoked in favor of a party who is a member of the association himself, and must be presumed to know that it is no corporation, in a case where the contract does not purport to be made by a corporation or in a corporate name, it is difficult to conceive. This court has held that the name "National Slipper Company" does not necessarily imply a corporation. *Clark v. Ins. Co.*, 7 Mo. App. 77. And there is certainly nothing in this case which could be tortured into evidence of the fact that the plaintiff was misled by an act of the defendant into the belief that she was contracting with a corporation.

The plaintiff's proper mode of procedure, if she desired to test the merits of her claim, would have been the one pursued in *Piquenard v. Libby*, 7 Mo. App. 565. We desire, however, to add that we do not intend to intimate that under the evidence offered she has recourse against any one, or has shown any cause of action against any one, not feeling called upon to express any opinion on that subject one way or the other, since the proper parties are not before the court.

All the judges concurring, the motion for rehearing is overruled.