## The Lumbermen's Mutual Insurance Company

### *v.*

## Eliza J. Bell, Exrx.

*Filed at Mt. Vernon November 20, 1896—Rehearing denied May 6, 1897.*

1. Insurance—*proofs of loss under policy may be legally made by the agent of insured.* Where it sufficiently appears that the insured was not in a position to make proofs of loss, those made by his agent will be legally sufficient.

2. Same—*effect of inserting wrong name in policy by mistake.* Where an insurance policy, by accident, mistake or design, is made payable to a person by a wrong name, such person may sue in his true name without resorting to equity for a reformation, by averring that the policy was made to him in the name therein appearing.

3. Same—*when policy is not avoided by fact that the insured named is dead.* Naming a deceased person as the insured in a fire policy, instead of his estate, will not render the policy void, where the company, through its agents, had notice that the person named was dead when the policy was issued.

4. Evidence—*for which party an insurance broker acted may be shown by parol.* Whether an insurance broker acted for the insured or for the insurance company may be shown by parol evidence, notwithstanding the statements of the policy.

5. Same—*the question of agency is a mixed question of law and fact.* Whether an insurance broker acted as the agent of the insured or of the insurance company is a mixed question of law and fact, to be determined by the jury, under proper instructions, from all the evidence.

6. Appeals and errors—*error without prejudice will not work reversal.* The giving of an instruction not strictly accurate will not work a reversal where the evidence is so clear that no injury could result therefrom.

7. Waiver—*refusal to pay policy upon specific ground waives other objections.* The refusal of an insurance company to pay a policy upon the distinct and sole ground that it was void when issued, waives the objection that proofs of loss were insufficient because made by an agent of the insured.

*Lumbermen's Mutual Ins. Co. v. Bell,* 63 Ill. App. 67, affirmed.

Appeal from the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of Union county; the Hon. Joseph P. Robarts, Judge, presiding.

MYRON H. BEACH, and DODD & PICKRELL, for appellant:

The furnishing of preliminary proofs, when loss has been sustained, is a condition precedent, without compliance with which no recovery can be had. A strict compliance is absolutely essential to recovery. 2 May on Insurance, 1076; 2 Biddle on Insurance, 263.

It makes no difference that a representation is accidental, unintentional and without fraudulent intent, or even that the party insured was ignorant that such representation had been made. In either case the grounds of objection are the same,—the insurers were misled, and the minds of the parties did not meet. *Tibbetts* v. *Insurance Co.* 3 Allen, 569; *Goddard* v. *Insurance Co.* 108 Mass. 56; *Barrett* v. *Insurance Co.* 7 Cush. 175.

If a third person, without any authority from another, assumes to act for his benefit in making a contract, and he adopts such acts and accepts the contract, such person so accepting should be held to adopt all the acts and representations by which the contract was consummated. *Garner* v. *Mangram*, 93 N. Y. 642; *Morse* v. *Ryan*, 26 Wis. 356.

As to the nature of the misrepresentation, it is immaterial whether a disclosure of the actual facts would have caused the company to raise the rate or refuse the risk, or not. *Anderson* v. *Fitzgerald*, 24 Eng. L. & Eq. 1; *Allen* v. *Insurance Co.* 123 N. Y. 6; *Wilson* v. *Insurance Co.* 4 R. I. 141; *Wood* v. *Insurance Co.* 13 Conn. 533; *Insurance Co.* v. *Horner*, 2 Ohio St. 542; *Dewees* v. *Insurance Co.* 34 N. J. 243.

If it is claimed that the error in the policy was the result of a mutual mistake, the proper remedy is a reformation of the policy in equity. The plaintiff sues upon the policy, and the court cannot alter the contract as therein expressed. *Tibbetts* v. *Insurance Co.* 3 Allen, 569; *Goddard* v. *Insurance Co.* 108 Mass. 56; *Keith* v. *Insurance Co.* 52 Ill. 518; *Insurance Co.* v. *Gueck*, 130 id. 345.

In support of the view that under the facts, even as erroneously assumed by the court in the ninth instruc-

tion given for plaintiff, both Iott & Son and Candee are to be considered, in law, as the agents of the insured, the following authorities are cited: *Insurance Co.* v. *Sammons*, 110 Ill. 166; *Insurance Co.* v. *Rubin*, 79 id. 402; *Insurance Co.* v. *Weary*, 4 Ill. App. 74; *Insurance Co.* v. *Mann*, id. 485, and 10 id. 545; *Insurance Co.* v. *Sammons*, 11 id. 230; *Insurance Co.* v. *Swigert*, 11 id. 590; *Insurance Co.* v. *Mette*, 27 id. 324; *Insurance Co.* v. *Ives*, 56 Ill. 402; *Insurance Co.* v. *Ward*, 90 id. 545; *Insurance Co.* v. *Chipp*, 93 id. 96; *Allen* v. *Insurance Co.* 123 N. Y. 6; *Mellen* v. *Insurance Co.* 17 id. 609; *Insurance Co.* v. *Collerd*, 9 Vroom, 486; *Schomer* v. *Insurance Co.* 50 Wis. 575; *Goddard* v. *Insurance Co.* 108 Mass. 56; *Wood* v. *Insurance Co.* 126 id. 316.

GREEN & GILBERT, for appellee:

Where an instrument, by accident, mistake or design, has been made payable to a person by a wrong or assumed name, such person need not go into a court of equity to correct the instrument, but may sue thereon at law in his true name, averring it was made to him by the name appearing therein. *O'Brien* v. *People*, 41 Ill. 456; *Graves* v. *People*, 11 id. 542; *African Society* v. *Varick*, 13 Johns. 38.

The absence of the insured at the time of the loss, and failure to return in time, are a sufficient legal excuse for not making proofs of loss, and in such case the proofs may be signed and verified by his agent having charge of his business. *Insurance Co.* v. *Grunert*, 112 Ill. 68.

Where notice is given and an account and proofs are furnished of the loss, and the company makes objection to payment, all grounds of objection that might have been.but were not taken are considered as waived, and the company can afterward insist only upon the objections thus taken. 6 Cush. 342; 1 id. 258; 9 Johns. 192; 25 Wend. 375; 3 Sand. 27; 2 Kern. 97; 22 Ohio, 476; *Insurance Co.* v. *Lewis*, 18 Ill. 560.

If an insurance company, after knowledge of the fact of misrepresentation by the assured in his application,

demands of him that he make and deliver proofs of loss, it will, as a matter of law, be presumed to have waived any defense on account of misrepresentation.   *Insurance Co.* v. *Grunert*, 112 Ill. 69.

Mr. JUSTICE WILKIN delivered the opinion of the court:

This is an appeal from the Appellate Court for the Fourth District. Eliza J. Bell, plaintiff below, as executrix of the last will of her deceased husband, James Bell, was operating a saw-mill at Ulin, in this State. By the will of her husband she was given all his property and directed to continue the mill business as he had done in his lifetime. One H. C. Candee was an insurance agent, having his office at Cairo, and represented several different companies. In some of these the mill property in question had for several years been insured by James Bell, through Candee. Candee had also, from time to time, procured insurance upon the property in other companies when not able to get it from those he represented, which he did through Iott & Son, insurance brokers of Chicago. This course of dealing was continued by Mrs. Bell after the death of her husband. She, by her son George, applied to Candee for the policy in suit, and, not being able to place it in his own companies, he applied to Iott & Son to obtain it. The application was made for the "estate of James Bell," as owner. Iott & Son procured the policy from appellant, but by mistake it was issued to "James Bell." This policy was afterwards renewed, the same mistake being continued in the renewal and not discovered until after the loss. Both the original and renewal policies were delivered by appellant to Iott & Son, and by them to Candee, who gave them to Mrs. Bell, who held the same, paying all premiums thereon until June 4, 1890, when the property was destroyed by fire. Proofs of loss were made by her agent, George T. Adams, superintendent in charge of the mill, she being absent from the State. The company refused to pay

the loss on the ground that the policies were void when issued, because written in the name of James Bell, who was then dead. This suit was brought in the circuit court of Union county, where judgment was rendered in favor of appellee. That judgment has been affirmed by the Appellate Court.

It was insisted by defendant upon the trial of the case that plaintiff was not entitled to recover because she had failed to make proper proofs of loss, the principal objection being that they were made by an agent, and not by the assured herself. Where it sufficiently appears the insured was not in a position to make the proofs of loss in person, it may be legally done by an agent. (*German Ins. Co.* v. *Grunert,* 112 Ill. 68.) Besides this, defendant having based its refusal to pay the policy upon the distinct ground that it was void when issued, because James Bell was then dead, objections to the proofs of loss were thereby waived. *Williamsburg City Ins. Co.* v. *Cary,* 83 Ill. 453.

The only defense going to the merits of the cause was that the policy was invalid because it insured the property in question as being owned by James Bell, who was then dead, and the validity of that defense rests upon the question as to whether Iott & Son, through whose mistake it was so issued, should be treated as the agents of the defendant or not. This question, so far as it is one of fact, has been settled adversely to appellant by the verdict of the jury and judgment of the Appellate Court. It is insisted, however, that the jury were erroneously instructed upon this branch of the case by the third, sixth and ninth instructions given at the instance of plaintiff. The third is to the effect that the fact of James Bell's death would not necessarily bar plaintiff's right of recovery, but if she was in control of the property, carrying on the business in the name of James Bell, and was the real person insured, she could maintain the action upon the policy. There was no error in this instruction. Where an instrument, by accident, mistake or design, is made

payable to a person by a wrong name it is not necessary
for such person to go into equity to have it reformed, but
may sue thereon in his or her true name, averring that
the instrument was made to him or her in and by the
name therein appearing.   *New York African Society* v. *Var-
ick,* 13 Johns. 38.

The sixth instruction in substance announces the rule
to be, that whether Iott & Son and Candee were the
agents of the insurance company in the transaction of
obtaining the policy is a question of fact, to be determined
from all the evidence bearing on that subject, and not
merely from the statement in the policy to the effect that
the brokers were the agents of the assured.· We think
this instruction also announces the correct rule of law.
The question as to whose agents they really were is open
to inquiry, and may be shown by parol evidence, notwith-
standing the statement in the policy.   *Newark Fire Ins. Co.*
v. *Sammons,* 110 Ill. 166; *Lycoming Ins. Co.* v. *Ward,* 90 id.
545; *Union Ins. Co.* v. *Chipp,* 93 id. 96.

The ninth instruction is open to just criticism.   It as-
sumes to sum up the facts bearing upon the question of
agency, informing the jury that if they find the facts to
be true from the evidence as stated, then, "as conclusions
of law, both Iott & Son and Candee are to be deemed
agents of defendant."   This method of instructing a jury
is always objectionable.   Here the question of agency is
a mixed one of law and fact, and the jury should have
been directed to determine, from all the evidence in the
case, for whom these persons were acting, as was done
by the sixth instruction.   However, the most that can be
said against it is, that it was calculated to mislead the
jury; and we regard the evidence so clear, when consid-
ered as a whole, that the agents were, legally speaking,
those of the defendant company and not of the insured,
that no injury resulted to the defendant by giving it,
though not strictly accurate.   Error without prejudice
will never work a reversal of a judgment.

The refusal of the second, third and fourth instructions asked by the defendant is also assigned for error. The second is subject to the fatal objection that it assumes that Candee and Iott & Son were the agents of plaintiff, and then proceeds to say that if these agents knew the facts as to the death of James Bell, and failed to communicate them to the defendant, the policy would be null and void. As we have already said, whether or not they were such agents was only to be determined by the jury from all the evidence in the case, upon proper instructions as to the law by the court. The third assumes to state, as a matter of law, that a broker obtaining insurance is the agent of the insured, and not of the insurer. For the same reasons it was also properly refused. The fourth is to the effect that if James Bell was dead when the insurance was obtained, and that fact was not communicated to the insurance company, the policy would be void, omitting entirely the question of notice to the company through its agents. Notice to the agent of facts material to the risk is in law notice to the insurer. (*Phenix Ins. Co.* v. *Hart*, 149 Ill. 513.) Without this qualification the instruction was clearly erroneous, and was properly refused.

The contention that the trial court erred in its rulings upon the admission and exclusion of evidence is, we think, without merit. No good purpose would be served by a discussion of that branch of the case. We have carefully examined the record, and agree with the Appellate Court in its conclusion that no substantial error was committed in that respect. The only question in the case, as we view it, is, whether the policy was void because issued in the name of James Bell, then deceased. Being so issued through the negligence and mistake of the defendant's agents, its contract of insurance was not thereby invalidated.

The judgment of the Appellate Court must be affirmed.

*Judgment affirmed.*