# OCTOBER TERM, 1909.

MILLER *v.* PRUSSIAN NATIONAL INSURANCE CO.

1. INSURANCE—ACTIONS—PLEADING—DENIAL OF EXECUTION.
   Evidence that the policy of insurance set forth in the declaration did not permit other concurrent insurance, as alleged, is inadmissible unless the defendant in pleading denies the execution of the policy under oath.

2. SAME—DEFENSES—SOLE AND UNCONDITIONAL OWNERSHIP.
   It is proper to refuse to direct a verdict for a defendant, who is sued upon an insurance policy, on the ground that the plaintiff was not the sole and unconditional owner of the property insured, where he testified that he fully informed the agent of the true situation.

3. SAME—INCREASE OF HAZARD.
   The defendant has no ground to complain of the action of the trial court in submitting to the jury, as a question of fact, the increase of hazard claimed by defendant to have resulted from the failure of plaintiff to take out a license to conduct his retail liquor business.

4. TRIAL—CONDUCT OF ATTORNEYS—IMPROPER ARGUMENT.
   Where attorneys for both sides indulged in extravagant argument, the court disposed of the matter in a proper manner by instructing the jury to disregard it.

Error to Mecosta; Palmer, J. Submitted April 3, 1909. (Docket No. 3.) Decided November 5, 1909.

Assumpsit by Kirby Miller against the Prussian National Insurance Company on a policy of insurance. A judgment for plaintiff is reviewed by defendant on writ of error. Affirmed.

*Jason E. Nichols*, for appellant.

*R. A. Hawley*, for appellee.

McALVAY, J.   Plaintiff brought suit upon a Michigan standard insurance policy of $1,000 issued by defendant to him insuring certain personal property, to wit, $350 on certain liquors, tobacco, and cigars, $350 on saloon furniture and fixtures, including a safe and cash register; and $300 on his household goods, etc., situated in a building occupied by him as a saloon and dwelling in Millbrook, Mich.   The policy issued for one year, and was dated November 21, 1903, and was written upon an oral application.   The declaration was in the form permitted by rule in this State.   The execution of the policy declared upon was not denied under oath.

The defendant pleaded the general issue, with certain notices that by the terms of the policy the same would be void (*a*) if other insurance was placed without permission, (*b*) if the hazard was increased by any means within the control or knowledge of insured, (*c*) if the fire was set or caused at the instance and request of plaintiff; alleging in said notices that other insurance had been procured without defendant's consent, that the hazard had been increased, and that the fire had been set by plaintiff or at his instance.

Plaintiff recovered a judgment for the full amount of the policy, with interest.

The errors upon which defendant relies under its writ of error and which are discussed will be considered.   The plaintiff, after the policy in suit was issued, bought other property consisting of a pool and billiard table, and placed other insurance upon them and the property included in defendant's policy.   Error is assigned upon the refusal of the court to charge:

" If you find from the evidence in this case that the policy in suit did not permit the plaintiff to procure additional insurance upon the property in question, or any part of it, the plaintiff cannot recover, because it is admitted by the plaintiff that he did procure such additional insurance "— and also a request that there was no evidence tending to show any authorized waiver of the conditions of the policy.

The allegations of the declaration, among other things, stated that, by the terms of this policy, other concurrent insurance was permitted, and specifically alleged the subsequent insurance, giving the name of the company and the amount of the policy. Defendant company by pleading to this declaration without denying under oath the execution of this policy of insurance declared upon, admitted the execution of the instrument in manner and form as alleged. *Peoria Marine & Fire Ins. Co.* v. *Perkins*, 16 Mich. 380; *Simon* v. *Insurance Co.*, 58 Mich. 278 (25 N. W. 190).

The policy was burned at the time the fire occurred, but the only dispute as to its stipulations was relative to the concurrent insurance clause. Plaintiff objected to testimony that the policy issued prohibited concurrent insurance, for the reason that no denial of the execution of the policy sued upon was made under oath. It was received by the court to be ruled upon later, and finally the court refused to strike it out. Under this ruling much testimony is improperly in the record. The rule in this State is well settled by the cases above cited, and numerous others cited and digested in footnotes to *Union Central Life Ins. Co.* v. *Howell*, 101 Mich. 335 (59 N. W. 599). By this testimony a question of fact was raised, but the issue was not in the case under the pleadings, and the refusal of these requests or the charge of the court in this respect will not be considered. Whatever of prejudice there was on account of the action of the court was not against defendant.

It is next urged that the court was in error in not instructing a verdict for defendant because it appeared that plaintiff was not the sole and unconditional owner of all the property insured. It did appear in the case that the front and back bar in the saloon were purchased by plaintiff upon a conditional sale, and the purchase price had not been paid. The application for this insurance was oral. Plaintiff testified that at the time of effecting the insurance he informed the agent of defendant of the con-

ditional character of his title to part of the property insured. This testimony was denied by the agent. This raised a question of fact for the jury to determine. It was properly submitted for such determination; the court charging substantially that plaintiff's interest in the part of the property in question was an insurable interest, and he would have a right to insure it if, as a matter of fact, he notified the agent of defendant of his conditional title at the time he effected the insurance. This did not mislead the jury, which found the fact favorable to plaintiff. No request upon this question was presented by defendant other than a request for an instructed verdict. In view of the dispute between the parties upon this material fact, the court would have erred had a verdict been instructed as requested.

The policy contained a clause as follows:

"This entire policy shall become void if the hazard be increased by any means within the control or knowledge of the insured."

The insurance was placed upon the property heretofore mentioned "while contained in the frame shingle-roofed building and adjoining and communicating additions thereto, while occupied as a saloon and dwelling house and situated," etc. After the current year, during which plaintiff might engage in the business of a retail liquor dealer, had expired, he did not pay the annual tax upon the business for the ensuing year, nor did he pay the United States special tax, by reason of which defendant claimed that the hazard had been increased, and also that he had been conducting the business of a retail liquor dealer contrary to law. The evidence upon this issue was submitted to the jury to determine as a question of fact. Defendant contends that the court erred in refusing to direct a verdict against plaintiff "because, by the uncontradicted evidence, the hazard at the time of the fire was increased contrary to the condition of said policy." The evidence did not warrant a directed verdict. The

text-writers agree that the question of increase of hazard is usually a question of fact, although there may be such a state of facts, established by uncontradicted evidence, as would require a court to decide it as a matter of law. Defendant in this case presented no request upon the question except the one quoted. The action of the court was as favorable as defendant was entitled to.

Errors assigned as to other portions of the charge are not discussed in appellant's brief. We have examined errors assigned relative to the admission and rejection of testimony, and find that none of them were prejudicial to defendant.

Certain portions of the argument of plaintiff's counsel were excepted to. Some of these statements might well have been omitted. From the charge of the court, it would appear that both sides had indulged in extravagant language, and the court charged the jury as to its impropriety, and that it must be stricken from consideration. We think the learned trial judge properly disposed of the matter.

We find no prejudicial error in the case.

The judgment is affirmed.

BLAIR, C. J., and OSTRANDER, MOORE, and BROOKE, JJ., concurred.