# J. O. LENNING v. RETAIL MERCHANTS MUTUAL FIRE INSURANCE COMPANY.[1]

March 12, 1915.

Nos. 19,060—(265).

**Fire insurance — loss — insured not in existence.**

Seaman-Martin Co., a corporation, received a fire insurance policy upon its stock of merchandise from defendant insurer and paid the premium. At the expiration of a year a renewal slip was sent to be attached to the policy. In both the policy and the renewal slip the insured was designated as Seaman & Martin. When the policy issued and the renewal slip was sent no individual, firm or corporation was in existence under the name of Seaman & Martin, but for some years previously to the issuance of the policy Seaman & Martin had carried insurance with defendant on merchandise. Six months before the policy here in question issued Seaman & Martin transferred to the corporation its merchandise and assets, and dissolved. A loss occurred during the life of the policy, as renewed. Plaintiff claims by assignment from the corporation after loss. It is *held* from an examination of the evidence that it was error to dismiss the case on defendant's motion when plaintiff rested.

Action transferred to the district court for Hennepin county to recover $2,503.83 upon a policy of fire insurance. The case was tried before Waite, J., who when plaintiff rested granted defendant's motion to dismiss the action. From an order denying plaintiff's motion for a new trial, he appealed. Reversed.

*Washburn, Bailey & Mitchell,* and *Cobb, Wheelwright & Dille,* for appellant.

*Lane & Malmberg,* for respondent.

HOLT, J.

For several years prior to June, 1909, F. F. Seaman and T. H. Martin, as partners, conducted a general merchandise business at Deer River, Minnesota. On June 1, 1909, they transferred all part-

[1] Reported in 151 N. W. 425.

nership assets to Seaman-Martin Co., a corporation, then organized by them. In consideration therefor the corporation issued to them $45,000 par value of its capital stock and assumed all partnership liabilities. The partnership dissolved, and ever since the corporation has carried on the business. It does not appear that any shares of stock in the corporation were issued except the ones to Messrs. Seaman and Martin in payment of the partnership assets. Some years previous to the sale, defendant's traveling solicitor prevailed upon Seaman & Martin to insure their merchandise with the defendant insurance company. As each yearly policy expired defendant sent another, or else a renewal slip to be attached to the policy about to expire. In December, 1909, defendant sent its policy to Deer River made out in the name of Seaman & Martin, which after giving a description of the building and lots whereon situated, reads: "$3,000 on General Stock of Merchandise, belonging to assured, consisting principally of Dry Goods, Groceries  *  *  *, all while and only while contained in the above described building." The check of the corporation paid the premium. When the insurance expired in December, 1910, defendant sent a renewal slip to be attached to the policy. On this slip the insured was named Seaman & Martin. The following April fire destroyed the store with contents. There was concurrent insurance so that the loss for which defendant is liable, if liability exists, is $2,503.83. Plaintiff sues as holder of the policy, by assignment after loss, under the claim that defendant insured the corporation. When plaintiff rested the court dismissed the action on the ground that defendant had not contracted with the corporation. Plaintiff appeals from the order denying his motion for a new trial.

If there had never been any insurance by defendant upon the merchandise in this store at Deer River prior to the issuance of the policy in December, 1909, no question could well have been raised as to the right to recover, notwithstanding the mistake in the name of the insured. At the time this policy in suit issued no one by the name of Seaman & Martin was in existence. The partnership bearing that name had been dissolved six months previous. The general rule with reference to contracts is that a misnomer of a party thereto does not affect its validity, and a party may also contract under

an assumed name. Scanlan v. Grimmer, 71 Minn. 354, 74 N. W. 146, 70 Am. St. 326. An error or an ambiguity in the name of the assured is open to oral proof as to the party intended to be protected. On the face of the policy the defendant discloses an intent to insure the owner of the property covered. The corporation was the owner. Undoubtedly the officers of the corporation believed that the corporation was the insured when the policy was accepted and the premium paid. There was testimony that notice was mailed to persons concerned, when the partnership was dissolved and the corporation took over the property and business. Whether such information went directly to defendant is left in doubt, and, if it was incumbent on plaintiff to prove receipt thereof by defendant, the direct proof of such fact may be deemed inadequate. But we have no testimony from defendant. There is nothing to indicate that it knew whether Seaman & Martin was a corporation, partnership or an individual doing business under that name, or that it ever, while carrying the fire risk, concerned itself about the individuals who conducted the business at Deer River, so long as the premiums were paid. The business of defendant is such that one may expect it to keep in touch with the doings in the mercantile world. Commercial reports, noting such changes as do occur and the organization of new corporations of the character of plaintiff, are published and are of general circulation in the business world.

We are well aware that a considerable element in the hazard connected with contracts of fire insurance depends upon the personal integrity of the insured. This is so much so that usually the policy contains provisions that a change in ownership of the property covered without the consent of the insurer cancels the contract. It is therefore to be regarded as of vital importance in fire insurance that the insurance company be not misled into contracting with one not of its choosing, and that when it insures one party another may not come and claim that he was the one intended. But, nevertheless, an error of no consequence in the name of the insured should not defeat a contract of insurance. And it should be permissible to show by parol the party intended when there is ambiguity in the designation or name of the insured. Especially ought this to be so when

the name used is applicable to no one in existence. The name employed to designate the insured is not to be taken as conclusive upon the character of the insured as an individual, partnership or corporation. We think the following cases support this view: Holbrook v. St. Paul Fire & Marine Ins. Co. 25 Minn. 229, held that it was unimportant whether the insured was an association, corporation or individual doing business under the name stated as that of the insured in the policy; Clark v. German Mutual Fire Ins. Co. 7 Mo. App. 77; Manhattan Ins. Co. v. Webster, 59 Pa. St. 227, 98 Am. Dec. 332; Lumberman's Mutual Ins. Co. v. Bell, 166 Ill. 400, 45 N. E. 130, 57 Am. St. 140; Lenagh v. Commercial Union Assurance Co. 77 Neb. 649, 110 N. W. 740; Simon v. Home Ins. Co. 58 Mich. 278, 25 N. W. 190; Clinton v. Hope Ins. Co. 45 N. Y. 454; Thomason v. Capital Ins. Co. 92 Iowa, 72, 61 N. W. 843. The last case is instructive upon the point that an error in the name does not avoid the policy. Clark and Marshall on Private Corporations, on page 153, assert that a misnomer of a corporation in a contract is not fatal, if it appears from the instrument itself or is shown by parol that the corporation is intended.

The contention of plaintiff that even if the policy should be construed as insuring Seaman & Martin, partners, a *prima facie* case was made out, we do not sustain. No claim of loss was made by Seaman & Martin as a partnership, nor does plaintiff claim, either by pleading or proof, a cause of action derived from a partnership.

As the evidence stood when plaintiff rested we think defendant was not entitled to a dismissal. It is not to be presumed that defendant accepted premiums and issued its policy with the intent not to assume obligations towards the owner of the property. The name of the insured in the policy is very similar to that of the owner of the property. It is not the name of any other existing person, firm or corporation. Unless the corporation owner has in some way estopped itself from asserting that the policy was issued to it there should be a recovery.

The order denying a new trial is reversed.