ALEXANDER *v.* PRUDENTIAL INSURANCE COMPANY OF
AMERICA.

1. INSURANCE—GROUP POLICY—SUFFICIENCY OF DECLARATION—REFORMATION OF INSTRUMENTS.

Declaration in action of assumpsit to recover amount stated in certificate of participation, issued under a group insurance policy, alleging that money due and payable to plaintiff has been paid by joint action of employer and insurer to another without right thereto *held*, to have stated a cause of action not dependent upon reformation of the policy in a court of equity.

2. SAME—DECLARATION—AFFIDAVITS—MOTION TO DISMISS—COURT RULES.

In declaration in action of assumpsit by Eileen Alexander, widow of deceased employee who is alleged to have designated his beneficiary under group policy as "Rita Alexander, wife of said employee," against employer and insurer who are alleged to have paid the death benefit to Rita Sutherland whose surname was not Alexander and who was not the wife of said employee, the inquiry was as to the true surname of the beneficiary and where affidavits of defendants brought insurance policy showing designation of beneficiary as alleged and receipt of "Rita Alexander" of payment to her, such affidavits did not meet the allegations of the declaration nor uncover defects therein warranting dismissal of action under court rule (Court Rule No. 18 [1933]).

3. SAME—BENEFICIARIES UNDER GROUP POLICY—PLEADING—MOTION TO DISMISS.

Allegation of declaration in action of assumpsit against employer and insurer under group life insurance policy that insurer knew party to whom it paid the money was not entitled to it and that she was not the wife and widow of the decedent and disregarding that fact paid the money to the improper party could not be met by motion to dismiss and had to be taken as true.

4. PLEADING—ALLEGATIONS OF DECLARATION TAKEN AS TRUE ON MOTION TO DISMISS.

On motion to dismiss, well-pleaded allegations of the declaration have to be taken as true.

SHARPE, J., dissenting.

Appeal from Wayne; Callender (Sherman D.), J. Submitted January 5, 1940. (Docket No. 89, Calendar No. 40,705.) Decided June 3, 1940. -

Action by Eileen Alexander, by her next friend Hazel Zurn, against Prudential Insurance Company of America, a foreign corporation, for sums allegedly due on a group life insurance policy. From order denying separate motions of defendants to dismiss, defendants appeal. Affirmed.

*Frank P. Darin* and *Frank L. Amprim,* for plaintiff.

*Paul Oren* (*Donald McGaffey,* of counsel), for defendants.

SHARPE, J. (*dissenting*). This appeal in the nature of certiorari is from an order of the trial court of Wayne county denying motions to dismiss plaintiff's declaration.

The principal facts are not in dispute. In 1932, the Great Lakes Steel Corporation entered into an agreement with the Prudential Insurance Company of America whereby the employees of Great Lakes Steel Corporation were permitted to carry insurance under what is known as a group insurance policy. In October, 1936, Robert Alexander, an employee of the Great Lakes Steel Corporation, applied for and there was issued to him a $2,000 certificate of participation in the group policy of insurance then in force. The beneficiary named in the certificate was "Rita Alexander, wife of said employee."

July 5, 1937, Robert Alexander was killed in an automobile accident and at the time of his death all premiums had been paid and conditions named in the

policy had been performed. July 8, 1937, the death benefit of $2,000 was paid by the Great Lakes Steel Corporation to Rita Alexander, the beneficiary named in the certificate, but who was not the wife of Robert Alexander.

Plaintiff, Eileen Alexander, filed an action in the circuit court of Wayne county against defendants. In December, 1938, she filed a second amended declaration in two counts: One count in assumpsit in which it is alleged that the death benefit was paid to the wrong party; and that the insurance company did not make proper inquiry and investigation as to the identity of the party to whom it paid the money. Count two of the declaration was in trespass and it was alleged that the death benefit was paid to the wrong party by the Great Lakes Steel Corporation as the agent of the Prudential Insurance Company; that the Great Lakes Steel Corporation was an agent of the insured; that the steel corporation, as agent of the insured, violated its duty as such agent; and that plaintiff suffered damages from breach of agency by the steel corporation as agent of the insured.

In March, 1939, defendants filed separate motions to dismiss plaintiff's second amended declaration upon the ground that the declaration does not state a cause of action against them. Defendant steel corporation claims there is no cause against it because, as appears in the original group contract and certificate of participation, this defendant never promised or became obligated to pay to the plaintiff any sums whatsoever, and was named as the employer and not as the insurer in the contracts. Defendant insurance company claims no cause of action against it because the action is based upon the certificate of participation in the amount of $2,000 and the group policy of insurance and defendant insurance company's liability thereunder and the

claims of all persons thereunder including the beneficiary named therein have been satisfied and released. The trial court denied the motions to dismiss, and defendants appeal.

Citation of authority is unnecessary to establish the rule that when defendants filed a motion to dismiss plaintiff's declaration, the material facts alleged in said declaration are conceded to be true. An examination of the declaration discloses that the plaintiff, Eileen Alexander, is the beneficiary named in the policy of insurance issued to the deceased Robert Alexander; that the defendant insurance company issued a master group life policy to the Great Lakes Steel Corporation, employer of the deceased, said group policy bearing No. G-3706 and the certificate covering said Robert Alexander being No. 6620; that said certificate No. 6620 was for the sum of $2,000; that said certificate was payable to plaintiff, wife of decedent; that upon the death of Robert Alexander, the policy of insurance was in force; that on July 8, 1937, the insurance company paid the death benefit of $2,000 to one Rita Sutherland who was not the wife of decedent; and that said death benefit was not paid to the wife of Robert Alexander as designated in the insurance policy.

Stripped of all verbiage, the conclusion is inevitable that plaintiff's declaration is based upon the certificate of insurance No. 6620 issued to Robert Alexander and if plaintiff is to recover, it must be because of her rights under said certificate. Under such circumstances, recourse may be had to the full text of the certificate from which we find that the beneficiary named in the certificate was "Rita Alexander, wife of said employee;" and that the obligation of the insurance company was to pay $2,000 to "Beneficiary:—Rita Alexander, wife of said employee."

The general rule is that a contract must be sued upon as written; and if it does not express the true intentions of the parties a court of equity may reform it. In *Van Wie* v. *Fidelity Trust Co.*, 254 Mich. 108, plaintiff brought suit upon an option. In that case plaintiff was the owner of 50 shares of stock of the Stinson Aircraft Corporation and by mistake signed an option to take stock in another corporation rather than receive cash for her stock as she could have done. Plaintiff had judgment in the lower court and upon appeal we said:

"The judgment against the aircraft company cannot be sustained. The option, signed by plaintiff, called for stock and not money. The judgment calls for money and not stock. The suit is upon an obligation to pay money. The proof shows an obligation to deliver shares of stock. The option signed by plaintiff controls as long as it stands, and it stands unless and until reformed by decree in equity. Plaintiff could not sue upon the option, and, notwithstanding the option, have judgment to the contrary.

"The law court cannot reform instruments or ignore written agreements. The option had to be in writing. If the option signed by plaintiff is ignored, then no valid option was executed. If there was no valid option executed, then plaintiff has received no promise of money for her shares of stock."

Plaintiff's claim against the Great Lakes Steel Corporation is upon the theory that it was acting as agent of the beneficiary in paying the benefits to the wrong person. The only duty owing by the Great Lakes Steel Corporation was to the beneficiary named in the policy, namely, "Rita Alexander." It owed no duty to Eileen Alexander and it follows that there could be no breach of duty to plaintiff.

The contract of the insurance company was an agreement to pay Rita Alexander, wife of Robert

Alexander, the sum of $2,000 upon the death of Robert Alexander. The only obligation of the insurance company was to pay the beneficiary named therein. Until the contract was reformed defendant insurance company was liable to no one other than Rita Alexander.

The motions to dismiss the declaration should have been granted. The judgment should be reversed, with costs to defendants.

WIEST, J. Denial of the motions to dismiss should be affirmed.

The declaration states a cause of action. The declaration is not artistic and may need some amendment but, as drawn, states sufficient to call upon defendants to join in framing issues of fact for trial. The action is upon promises, based on contract, with a third party as beneficiary, and the allegation that money, due and payable to plaintiff, has been paid by joint action of defendants to another without right thereto. This right of action is not dependent upon reformation of the policy in a court of equity.

As stated in 5 Joyce on Insurance (2d Ed.), p. 5852, § 3510:

"It is held that it is not a prerequisite to an action at law on a policy in the correct name of insured that a suit be brought in equity for reformation of the policy on the ground of mistake, et cetera, since it may be averred in the law action that the policy was made to assured in the name therein set forth." Citing *Lumbermen's Mutual Ins. Co.* v. *Bell,* 166 Ill. 400 (45 N. E. 130, 57 Am. St. Rep. 140).

See, also, *Lenning* v. *Retail Merchants Mutual Fire Ins. Co.,* 129 Minn. 66 (151 N. W. 425); *National Life & Accident Ins. Co.* v. *Saffold,* 225 Ala. 664 (144 South. 816).

Robert Alexander was the insured employee under the master group insurance policy and "Rita Alexander, wife of said employee," was the designated beneficiary.

The declaration charges that defendants paid the benefit to Rita Sutherland, who was not the wife of the insured, nor was her surname Alexander. The surname of the beneficiary named in the policy was Alexander, and the given name Rita which may, if there was such a person, identify the particular Alexander, and the same may also be said of the designation "wife of said employee," but this only sends the inquiry back to the true surname of the beneficiary.

In support of the motions to dismiss, affidavits were filed under Court Rule No. 18 (1933). That rule provides:

"Defendant may, within the time for pleading, file a motion to dismiss the action or suit, where any of the following defects appear on the face of the declaration or bill of complaint, and he may, within the same time, file a similar motion supported by affidavits where any of the said following defects do not appear upon the face of the declaration or bill of complaint."

The defects so appearing or by affidavits permitted are by the rule limited to: (a) want of jurisdiction of the person of defendant; (b) no jurisdiction of the subject matter; (c) incapacity of plaintiff to sue; (d) pending action for the same cause; (e) prior judgment; (f) statute of limitations; (g) release; (h) statute of frauds; (i) infancy or disability of defendant; (j) that the plaintiff assigned or disposed of the cause of action before bringing suit.

It will be noticed that the supplemental matter permitted by way of affidavits is limited.

Defendants, by affidavits, brought the insurance policy before the court showing Rita Alexander, wife of the insured, the designated beneficiary, and also receipt of Rita Alexander of payment to her.

This added nothing to the declaration for such matter was alleged therein and the showing did not meet the allegations of the declaration nor uncover any defects warranting dismissal of the suit.

The declaration alleged:

"That the defendant, Prudential Insurance Company of America, knew that the party to whom it paid the money was not entitled to the same, and that she was not the wife and widow of the decedent, Robert Alexander; that disregarding this fact the said defendant paid the said sum of money to the improper party."

This allegation was not and could not be met upon the motions to dismiss, and had to be taken as true for the purposes of the motions and prevented dismissal of the cause.

Denial of the motions is affirmed, with costs to plaintiff.

BUSHNELL, C. J., and POTTER, CHANDLER, NORTH, McALLISTER, and BUTZEL, JJ., concurred with WIEST, J.