**BOSTON INS. CO. et al. v. READ et al.**

**No. 3543.**

Circuit Court of Appeals, Tenth Circuit.

March 5, 1948.

552

Walter D. Hanson, of Oklahoma City, Okl. (F. A. Rittenhouse, John F. Webster, and Olive R. Rittenhouse all of Oklahoma City, Okl., on the brief), for appellants.

Gerald B. Klein, of Tulsa, Okl. (Wesley E. Disney and Joe B. Houston, both of Tulsa, Okl., L. Keith Smith, of Jay, Okl., and John C. Martin, Jr., of Tulsa, Okl., on the brief), for appellees.

Before PHILLIPS, BRATTON, and HUXMAN, Circuit Judges.

BRATTON, Circuit Judge.

George R. Read owned certain lots and a building thereon in Rainbow Park Addition to Spavinaw, Oklahoma. The premises were sometimes known as Fisherman's Inn and sometimes as Rainbow Club. Delaware County Bank of Jay, Oklahoma, held a mortgage covering the premises. Boston Insurance Company, Fidelity-Phoenix Insurance Company, Michigan Fire and Marine Insurance Company, and Great American Insurance Company issued their separate policies insuring the building against loss or damage by fire. Each policy contained a standard mortgage clause, and each provided among other things that the company would not be liable for loss occurring while the hazard was increased by any means within the control or knowledge of the insured. The building was burned, and the companies brought this action against Read and the bank for a declaratory judgment. The cause of action pleaded in the complaint was that after the issuance of the policies the hazard was increased in that the use of the premises was changed from that of a restaurant or cafe and dance hall to a saloon where intoxicating liquor was sold in violation of law; that the insured burned the building or caused it to be burned; that the policies became null and void; that the defendants were threatening to bring separate suits upon the policies; and that unless the defendants were restrained from doing so, the companies would be required to defend a multitude of suits with the attending danger of conflict and confusion of outcome. Great American Insurance Company further pleaded that its original policy was cancelled and a new policy for a smaller amount issued and delivered prior to the time of the fire. The relief sought was an adjudication that the companies were not liable under their respective policies, and that the defendants be restrained from instituting or prosecuting suit or suits upon them. The defendants joined issue and by cross-complaint sought to recover upon the policies. Judgment was entered for the defendants on their cross-complaints, and plaintiffs appealed.

It is urged that the court erred in finding that there was no increase in hazard brought about by the sale of intoxicating liquor in the premises which relieved the companies of liability under their respective policies. One of the policies referred to the premises as a cold drink stand, one as a cold drink stand and lunch counter, and two as a cafe. Some time after the issuance of the policies, the insured began to sell or permit the sale of intoxicating liquor within the building; and the sale of intoxicating liquor is a violation of law in Oklahoma. Where the direct purpose of a policy of insurance is to promote, encourage, or effect a violation of law, the policy is against public policy and therefore the insured cannot recover upon it. And an illegal use of insured premises which is specifically prohibited by the express terms of a policy will preclude recovery upon the policy. But where the policy does not promote or encourage a violation of law, a mere illegal use of the premises not expressly prohibited by the terms of the policy and not causing or contributing to the cause of the fire does not necessarily bar recovery. These policies were not necessary or essential to the business of selling intoxicating liquor within the building, in violation of law. They did not advance the interest of Read in the illegal sale of intoxicants within the build-

ing. Neither did they promote the unlawful business otherwise. Read could have conducted the unlawful business or permitted it to be conducted as well without the insurance as with it. The only effect of the policies was that in case his property was damaged or destroyed by fire, he should have indemnity for loss. Therefore it cannot be said that the direct purpose of the policies was to promote, encourage, or effect a violation of law. And, in the absence of a specific provision in the policies expressly prohibiting the sale of the intoxicating liquor within the insured building, it was a question of fact for the trial court whether the sale of liquor by Read or with his consent constituted an increase in the hazard, within the intent and meaning of the policies. Martin v. Capital Insurance Co., 85 Iowa 643, 52 N.W. 534; Miller v. Prussian National Insurance Co., 158 Mich. 402, 122 N.W. 1093; Smith v. Penn Township Mutual Fire Association of Lancaster Co., 323 Pa. 93, 186 A. 130. The court determined the issue against the companies, and the finding was not plainly wrong. Therefore, it must stand on appeal. Yates v. American Republics Corporation, 10 Cir., 163 F.2d 178; Wyoming Railway Co. v. Herrington, 10 Cir., 163 F.2d 1004.

Complaint is made that the court excluded competent testimony offered to show that the sale of intoxicating liquor within the insured building increased the hazard. The evidence referred to was that of expert witnesses tendered for the purpose of showing generally that the sale of intoxicating liquor in Oklahoma does increase the hazard under policies of the kind issued by these companies. The testimony was admitted in evidence, but the court stated at the time of its introduction that little consideration would be accorded evidence of that kind. The testimony of expert witnesses cannot be arbitrarily rejected in toto. Neither should it be indolently accepted. But the weight to be given to testimony of that kind is for the court or jury, as the case may be. And the court or jury is not required to give controlling influence to the opinions of expert or scientific witnesses. United States v. Gower, 10 Cir., 50 F.2d 370. There is no basis for the conclusion that the court acted arbitrarily or otherwise abused its prerogatives in giving little weight to the testimony of the expert witnesses.

Great American Insurance Company advances one further contention. It is that the court erred in finding that the original policy issued by that company was not effectively cancelled as to both Read and the bank prior to the time of the fire. The policy provided that it might be cancelled at any time by the company giving to the insured five days written notice of cancellation, and the mortgage clause attached to the policy provided that the company reserved the right to cancel the policy at any time as provided by the terms of the policy, but that in such case the policy should continue in force for the benefit only of the mortgagee for ten days after notice to the mortgagee and should then cease. Vern Robertson was the local agent for the company, and he was also cashier of the bank. The policy was placed in the custody of the bank and was held along with the mortgage covering the premises. On Saturday before the fire the following Wednesday, a special agent for the company called at the bank, told Robertson that the company would not continue to carry the amount of insurance specified in the policy, stated that the company would issue another policy for a smaller amount, further stated that he was picking up the policy for cancellation, and requested that it be delivered to him. In response to the statement and request of the special agent, Robertson delivered the policy to him. A policy for a smaller amount was issued and mailed to the bank but it is not clear whether it reached the bank before or after the fire. On Monday after the policy had been delivered to the special agent, and two days before the fire, Robertson advised Read that the special agent had picked up the policy; and Robertson said that he would endeavor to place the insurance with another company. Read asked Robertson some questions with respect to his insurance coverage, and he sought to obtain another policy elsewhere. But he did not expressly consent to the

cancellation of the policy delivered to the special agent. The giving of the notice in the manner and for the length of time specified in the applicable provision of the policy, and the return or offer to return the unearned portion of the premium, were essential prerequisites to an effective exercise of the right of cancellation, except by mutual consent. Taylor v. Insurance Company of North America, 25 Okl. 92, 105 P. 354, 138 Am.St.Rep. 906. The statement by the special agent that he was picking up the policy for cancellation, followed by the physical surrender of the policy pursuant to such statement, did not constitute a mutual agreement that it be immediately cancelled. Instead, it amounted to the taking of possession of the policy for cancellation in the manner specified in the policy. Farris v. Commercial Union Fire Insurance Co. of New York, 176 Okl. 331, '55 P.2d 432. No written notice of cancellation was given either to Read or the bank, no offer was made to return the unearned portion of the premium, and the fire occurred less than five days after the policy was placed in the hands of the special agent. Therefore the policy was not effectively cancelled prior to the time of the fire.

The judgment is affirmed.