## THE UNION INSURANCE COMPANY

*v.*

## JOHN CHIPP.

1. INSURANCE—*as to the character of title in the assured.* Under a condition in a policy of insurance that " if the interest of the assured in the property be any other than the entire, unconditional and sole ownership, it must be so represented to the company, and so expressed in the written part of the policy," otherwise the policy to be void, it was *held*, even if the assured was not vested with the " entire, unconditional and sole ownership " of the property, yet if the real character of the title was known to the officers of the company, and the company, having such knowledge, chose to assume the risk, it would be liable, in case of loss, notwithstanding the nature of the title was not expressed in the written part of the policy. The company having knowledge of the nature of the interest claimed by the assured, and he not being present, it was the duty of the policy clerk acting for the company to have expressed the nature of that ownership in the policy.

2. SAME—*notice to agent, and herein who to be regarded as an agent of the company.* Where insurance is procured to be taken by a soliciting broker, who is in fact acting as the agent of the company, declarations and explanations made by the assured to such agent, concerning the character of the ownership of the property, will be notice to the company, and this notwithstanding there be a condition in the policy that such broker shall be deemed the agent of the assured and not of the company.

APPEAL from the Circuit Court of Cook county; the Hon. W. K. McALLISTER, Judge, presiding.

This was an action of assumpsit, brought upon a policy of insurance, by John Chipp against the Union Insurance Company.

The policy, among others, contained this condition:

" It is a part of this contract, that any person other than the assured, who may have procured this insurance to be taken by this company, shall be deemed to be the agent of the assured named in the policy, and not of this company under any circumstances whatever, or in any transaction relating to this insurance."

The third instruction given to the jury on behalf of the plaintiff was as follows:

" The jury are further instructed, as a matter of law, that notice to an agent is notice to the company; and if they further find, from the evidence, that the solicitor, McGrevy, was in fact acting as the agent of the company, then the declarations and explanations made to him by Chipp (if any) were notice to the company."

The solicitor, McGrevy, was the person who procured the insurance to be taken by the company, and to whom the assured made known the true state of the ownership of the property proposed to be insured.

Upon a trial of the cause a verdict was returned for the plaintiff, and judgment was rendered accordingly. The company appealed.

Mr. H. F. VALLETTE, for the appellant:

The condition in the policy respecting the ownership of the property sought to be insured, is a lawful condition. *Reaper City Ins. Co.* v. *Brennan,* 58 Ill. 158.

If the proper statement in respect to the true nature of the ownership has been omitted from the policy, through accident or design, the contract may be reformed in equity. *Keith* v. *Globe Ins. Co.* 52 Ill. 518; *Atlantic Ins. Co.* v. *Wright,* 22 id. 462; *Commercial Ins. Co.* v. *Spankneble,* 52 id. 53.

Courts in numerous cases have held that no recovery can be had at law, under circumstances like those appearing in this case. *Catron* v. *Tennessee Ins. Co.* 6 Humphrey (Tenn.) 176; *Bryan* v. *Williams,* 28 Maine, 262; *Smith* v. *Bowditch Mutual Ins. Co.* 2 Grant (Pa.) 326; *Jenkins* v. *Quincy Mut. Ins. Co.* 7 Gray, 370.

Mr. HIRAM BARBER, Jr., for the appellee:

The person soliciting the insurance was in fact the agent of the company, notwithstanding the condition in the policy to the contrary. *Com. Ins. Co.* v. *Ives,* 56 Ill. 402; *Rockford Ins. Co.* v. *Nelson,* 65 id. 421.

McGrevy being agent of the company, notice to him was notice to the company, and the company is estopped to set up the omission in the application. *Franklin* v. *Atlantic Ins. Co.* 62 Mo. 456; *Combe* v. *Hannibal Ins. Co.* 43 Mo. 148; *McFarland* v. *Peabody Ins. Co.* 6 West Va. 425; *Rockford Ins. Co.* v. *Nelson,* 65 Ill. 421; *Keith* v. *Globe Ins. Co.* 52 id. 58; *Lycoming Fire Ins. Co.* v. *Jackson,* 83 id. 302.

It is enough that the assured had an insurable interest. As laid down in *Lycoming Ins. Co.* v. *Jackson,* 83 Ill. 302, the principal thing is, had the assured an insurable interest, and has he acted in good faith? Under the statement that he is the owner he is only bound to prove an insurable interest, which is such a title that if there were no insurance the loss would fall on him. Also, *Rockford Ins. Co.* v. *Nelson, supra.*

The remedy was at law. *Commercial Insurance Co.* v. *Spank-neble*, 52 Ill. 58, *Rockford Ins. Co.* v. *Nelson*, 65 id. 417, and *Commercial Ins. Co.* v. *Ives*, 56 id. 402, were all actions at law.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This action was on a policy of insurance. The property covered by the policy was a quantity of hay. As respects the destruction of the property, and its value, no question is made. The policy declared on contains a condition that "if the interest of the assured in the property be any other than the entire, unconditional and sole ownership, * * * it must be so represented to the company, and so expressed in the written part of this policy, otherwise the policy shall be void." It is said the assured was not vested with the "entire, unconditional and sole ownership" of the property embraced in the policy, and for that reason there can be no recovery. It is proved the officers of the company were fully informed as to the character of plaintiff's interest in the property, whatever it was, and with that knowledge the company chose to assume the risk.

The proofs of loss, introduced as evidence, contained a statement that the property insured belonged to plaintiff,—that is, it was purchased with money furnished by him under a contract with one Frisbie, by whom it was to be sold, and all profits over costs to be divided after the purchase money was returned. Prior to issuing this policy there had been a policy issued by defendant upon the same property, in the name of Frisbie & Chipp, but plaintiff would not accept that policy, and this fact was well known to the insurance company at and before the issuing of this policy. It was for the reason, plaintiff insisted, Frisbie had no interest in the property until the purchase money was returned, and if no profit was realized he would have no interest at all.

When the broker applied for insurance for plaintiff the policy clerk of the company called his attention to the policy

on the same property to Frisbie & Chipp. Afterwards the soliciting broker, either at the request of the clerk in charge of the office, or of his own motion, went again to see plaintiff concerning the risk. At that interview plaintiff disclosed the exact nature of his interest in the property, and the broker testifies he reported the same to the company's clerk, and directed that the former policy should be canceled, which was done, and the policy declared on issued.

The application for insurance was made by a solicitor, and whether he is to be regarded as the agent of plaintiff or of the company is a matter of no consequence in the view we have taken of the case. In some respects the broker may have been, and doubtless was the agent of the company, and in others he may have been the agent of the assured. Be that as it may, the nature and "extent of the ownership" of plaintiff in the property insured was sufficiently "represented to the company," and if it was not "expressed in the written part of the policy" it was the neglect of the policy clerk who filled it up. The company having been informed as to the nature of the interest claimed by the assured in the property, and as he was not present, it was the duty of the clerk acting for the company to have expressed the nature of that ownership in the written portion of the policy. The omission to do so would be bad faith towards the assured, and the company should not be permitted on that account to escape liability on its contract of insurance. The case of *Lycoming Ins. Co.* v. *Jackson*, 83 Ill. 302, is conclusive of this view of the law.

The evidence is conflicting as to whether the soliciting broker that procured the insurance for plaintiff was in fact an agent of the company. Conceding he was its agent, as the jury were authorized to believe from the evidence, then the third instruction given for plaintiff, of which complaint is made, states the law correctly as applicable to the case, notwithstanding the condition of the policy that such a broker shall be regarded as the agent of the assured. On this point in the case we adhere to the reasoning in *Commercial Ins. Co.*

v. *Ives,* 56 Ill. 402, to which reference is made for a fuller expression of our views.

The judgment must be affirmed.

*Judgment affirmed.*