## Ben Abrahamson, Defendant in Error, v. Hartford Fire Insurance Company, Plaintiff in Error.

### Gen. No. 18,130.

1. INSURANCE—*knowledge of agent.* Notice to an agent of an insurance company of facts material to the risk at the time of the application for insurance is notice to the company and will prevent it from insisting on a forfeiture for causes within the knowledge of the agent, though there are conditions to the contrary in the policy.

2. INSURANCE—*when company estopped from claiming that policy is not binding contract.* Where an insurance company issues a policy and places it in the hands of a street broker for delivery and he delivers it to the insured, who pays the premium to him in good faith under the belief that he is an agent of the company, the company is estopped from claiming that the policy is not a binding contract of insurance.

3. INSURANCE—*when question of fact whether person was an agent for company or for insured.* Whether a person who does not solicit an owner of an automobile to insure it is an agent for the company in the transaction of obtaining a policy on such automobile or is an agent for the insured is a question of fact, though the policy provides that no

person shall be deemed an agent of the company unless he is authorized in writing and such person is not so authorized, where he asks a representative of the company for a rate on the automobile and on being informed as to the rate is told by the insured to insure the car and a policy is issued by the company and delivered to said person, who delivers it to the insured.

Error to the Municipal Court of Chicago; the HON. FRED C. HILL, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1912. Affirmed. Opinion filed May 29, 1913.

BARGER & HICKS, for plaintiff in error.

WILLIAM J. DILLON, for defendant in error.

MR. JUSTICE FITCH delivered the opinion of the court.

The defendant in error sued the plaintiff in error in the Municipal Court to recover the amount of the loss by fire of a motor delivery car, which had been insured by plaintiff in error. The defense set up by the affidavit of merits was, that contrary to the terms and conditions of the insurance policy, the plaintiff's motor car was incumbered by a chattel mortgage at the time the policy was issued, of which fact the defendant was not informed; to which the plaintiff replied that the defendant's agent was informed of the existence of the chattel mortgage and thereby defendant waived the provision of the policy which makes the policy void if the property insured be mortgaged. Upon a trial before a jury, plaintiff recovered a verdict of $642.50, and after a remittitur of $142.50 was entered, judgment was rendered against defendant for $500. This writ of error is sued out to reverse that judgment.

There is no dispute as to the amount of the judgment, but the parties renew in this court the same contentions, substantially, they made in the trial court. The insurance policy provides that the policy shall be void "if the subject of this insurance be or become encumbered by any lien or mortgage;" that "no person shall be deemed an agent of this Company unless such

person is authorized in writing as such agent by this Company;" and that "no officer, agent or other representative of this Company, shall have power to waive any provision or condition of this policy, unless such waiver, if any, shall be written upon or attached hereto.'"

It appears from the evidence that when plaintiff bought his delivery car he paid part of the purchase price in cash and gave a chattel mortgage upon the car for the remainder; that about a week later, he met one H. A. Jacobs, a clerk or employe of N. Jacobs, who was a special agent for the Royal Insurance Company, and requested said H. A. Jacobs to insure the car; that Jacobs asked plaintiff how much the car was worth, to which plaintiff replied the car had cost him around $1,500; that Jacobs then asked if the car was wholly paid for; that plaintiff replied that he had paid down about half and that the balance was secured by chattel mortgage notes; that knowing that the Royal Insurance Company did not write automobile insurance but the defendant company did insure automobiles, Jacobs called up the office of defendant by telephone and asked the man in charge of the office for "a rate on that automobile," which was given him; that the next day, plaintiff again called at Jacobs' place of business; that Jacobs told him what the rate was and plaintiff told Jacobs "to insure the car," whereupon, Jacobs "telephoned to the Hartford for a policy;" that a policy was issued by defendant and delivered to Jacobs, who, in turn, delivered it to the plaintiff, who paid the premium to Jacobs. There is no claim that defendant did not receive the premium so paid. Jacobs testified that although he was an insurance solicitor, yet "with the plaintiff in this case the business was unsolicited."

The law is well settled in this state that notice to an agent of an insurance company, at the time of the application for insurance, of facts material to the risk, is notice to the insurer, and will prevent it from insisting

upon a forfeiture for causes within the knowledge of the agent (*Phenix Ins. Co. v. Hart,* 149 Ill. 513, 522), notwithstanding there be conditions or stipulations to the contrary in the insurance policy. *Union Ins. Co. v. Chipp,* 93 Ill. 96; *Commercial Ins. Co. v. Ives,* 56 Ill. 402, 407. If an insurance company issues a policy of insurance and places the same in the hands of a street broker for delivery, and the latter delivers the same to the insured, who pays the premium therefor to the broker in good faith, under the belief that such broker was the agent of the company, the company is estopped from thereafter claiming that the policy is not a valid and binding contract of insurance. *Lycoming Fire Ins. Co. v. Ward,* 90 Ill. 545, 549; *Commercial Ins. Co. v. Ives, supra; Union Ins. Co. v. Chipp, supra.* Whether H. A. Jacobs was an agent for the defendant, or for the insured, was a question of fact. In *Lumberman's Mutual Ins. Co. v. Bell,* 166 Ill. 400, an instruction was given by the trial court to the effect that whether certain brokers were the agents of an insurance company "in the transaction of obtaining a policy is a question of fact, to be determined from all the evidence bearing on that subject, and not merely from the statement in the policy to the effect that the brokers were the agents of the assured." This instruction was approved by the Supreme Court as a correct statement of the law applicable to cases like the present case. "The question as to whose agents they really were is open to inquiry, and may be shown by parol evidence, notwithstanding the statement in the policy. *Newark Fire Ins. Co. v. Sammons,* 110 Ill. 166; *Lycoming Fire Ins. Co. v. Ward,* 90 Ill. 545; *Union Ins. Co. v. Chipp,* 93 Ill. 96."

In this case, the trial court instructed the jury in accordance with the principles above stated, and thereby properly left to the jury the question whether Jacobs, at the time the insurance policy was written, was acting as agent for the plaintiff or for the defendant, and also properly left to the jury the question whether

the company, through Jacobs as its agent, had notice, at that time, of the existence of the chattel mortgage; and after an examination of the evidence in the record, we are not able to say that the verdict is manifestly contrary to the evidence.

Two minor errors, in relation to the admission of certain evidence, are also claimed, but we think neither of them is well assigned.

The judgment of the Municipal Court will be affirmed.

*Affirmed.*