Buchanan v. Scottish Union & Nat'l Ins. Co., 210 Ill. App. 523.

which followed Fahler finally became insolvent and was insolvent at the time of his death. The decree is therefore reversed and the cause remanded with instructions to dismiss the bill for want of equity.

*Reversed and remanded with directions.*

## Harry R. Buchanan, Appellee, v. Scottish Union & National Insurance Company, Appellant.

### Gen. No. 6,490.

1. COURTS, § 67*—*how question of jurisdiction must be raised.* The question of jurisdiction of a City Court must be raised by plea.

2. VENUE, § 1*—*what is transitory action.* The action of assumpsit is a transitory action.

3. COURTS, § 111*—*when City Court has jurisdiction of action of assumpsit.* A City Court has jurisdiction of the transitory action of assumpsit.

4. WITNESSES, § 144*—*when evidence of agent as to conversation with deceased agent of adverse party not incompetent.* Under Hurd's Rev. St. ch. 51, sec. 4 (J. & A. ¶ 5521), providing that a party to any action "who has contracted with an agent of the adverse party—the agent having since died—shall not be a competent witness as to any admission or conversation between himself and such agent," the evidence of the agent of a former owner of insured property with a since-deceased agent of the insured relating to a mistake in description in the first policy issued, is not incompetent, and it is immaterial that the same person acts as agent in issuing the policy sued on and makes the same mistake in description.

5. INSURANCE—*what evidence as to mistakes in description proper.* Evidence as to mistakes in description in earlier fire insurance policies carried into the policy sued on is admissible in an action on a fire policy.

6. INSURANCE, § 329*—*when insurer estopped to assert as defense mistake in description of property.* A fire insurance company is estopped to assert, as a defense to an action on a fire insurance

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

policy, a mistake in description of the property where the mistake made was solely that of its agent and was made at the time the building was erected and the first policy was issued to a former owner, and the same mistake was carried into subsequent policies, including the one belonging to the insured, and an adjustment of a small fire loss was made between the insured and the insurer without any complaint as to a defective description being made.

7. INSURANCE, § 220*—*when mistake in lot number in fire policy treated as surplusage.* A mistake in the lot number in a fire insurance policy on a dwelling house will be treated as mere surplusage where there is no other dwelling house in the same block.

8. INSURANCE, § 426*—*when insurer liable to extent of face of fire policy for loss while premises vacant.* An insured is entitled to recover the entire value of his property lost by fire during vacancy of the premises where an unreleased clause in the policy protects him during vacancy if an attempt is being made to procure a tenant, and he is attempting to procure a tenant at the time of the loss, even though a rider attached to the policy contains a provision for vacancy for a specified period, during which the loss occurs, under which the insurer is liable only to the extent of two-thirds of the face of the policy.

9. TRIAL, § 168*—*when question for jury not presented.* It is unnecessary to submit a question to the jury where the facts are undisputed.

10. APPEAL AND ERROR, § 1466*—*when admission of incompetent evidence harmless error.* The admission of incompetent evidence, in an action on a fire insurance policy, is harmless error where the trial judge directs a verdict and his action is justified by competent evidence.

Appeal from the City Court of Kewanee; the Hon. H. STERLING POMEROY, Judge, presiding. Heard in this court at the October term, 1917. Affirmed. Opinion filed April 16, 1918.

BARGER & HICKS and ROBERT C. MORSE, for appellant.

STURTZ & EWAN, for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.

Appellee sued appellant in the City Court of Ke-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

wanee upon a policy of insurance issued by appellant upon a dwelling owned by appellee. The first count of the declaration set out the policy in full and a rider thereto. The second and third counts pleaded the same policy by reference to the first count, as did also the amended second count. Defendant pleaded the general issue with notice of special matter in defense. At the close of appellee's evidence the court refused to instruct the jury to find for appellant. Appellant then declined to offer any testimony and the court thereupon, on motion of appellee, instructed the jury to find the verdict for appellee, assessing his damages at $1,485. Such a verdict was returned. Motions by appellant for a new trial and in arrest of judgment were denied, appellee had a judgment for the amount of the verdict, and this appeal followed.

Plaintiff lives in California. The appellant has a head office in the United States in Connecticut. The suit was brought in the City Court of Kewanee, and the return on the summons shows that it was served within the city. The building insured was outside of the City of Kewanee. Appellant claims that the City Court had no jurisdiction. Appellant did not question the jurisdiction of the court by plea. This seems a sufficient answer to its contention; but, further, this action of assumpsit is a transitory action. In *Swanson v. Moline, R. I. & E. Traction Co.*, 204 Ill. App. 144, we held that city courts have jurisdiction of transitory actions, and we there cited several cases upon which we relied for that conclusion. We are still of the same opinion.

There was a misdescription in the policy. To show the circumstances under which that error in description came into the policy, appellee proved that the policy sued on was one of a series of policies issued by appellant upon this house, and that the same mistake had been in all of them, and appellee was permitted to prove a conversation between Phillips, the local

526    Appellate Courts of Illinois.

Buchanan v. Scottish Union & Nat'l Ins. Co., 210 Ill. App. 523.

agent of appellant, and L. M. Buchanan when the first policy was issued, which was to Clara E. Buchanan, a former owner of the property. By leave of court appellant ascertained from the witness that Phillips was dead, and then objected that L. M. Buchanan was not competent to testify against appellant as to that conversation because of the provision in section 4 of chapter 51, Rev. St. (J. & A. ¶ 5521), concerning evidence and depositions, that a party to any action "who has contracted with an agent of the adverse party— the agent having since died—shall not be a competent witness as to any admission or conversation between himself and such agent unless," etc. It is argued by appellant that this statute must be construed to exclude not only the evidence of the party but also the evidence of his agent to a conversation with the deceased agent of the adverse party. When this conversation with Phillips was had, L. M. Buchanan was not the agent of appellee, but was the agent of Clara E. Buchanan. Appellee had no interest in the property at that time. We are of opinion that appellee, by engaging the same agent when he afterwards became the owner of the property, did not deprive himself of the benefit of the testimony of that agent to a conversation had when the witness was the agent of a former owner. So far as the conversations now in question are concerned, we conclude the statute cannot apply. We therefore conclude that the court did not err in permitting L. M. Buchanan to testify to the conversations with Phillips before and at the time the first policy was issued to Clara E. Buchanan, notwithstanding Phillips was dead at the time of the trial. Evidence as to mistakes in earlier policies, carried into the subsequent policy sued on, was treated as competent in *Lumbermen's Mut. Ins. Co. v. Bell,* 166 Ill. 400, and in *Insurance Co. of Pennsylvania v. O'Connell,* 34 Ill. App. 357.

The policy was upon a dwelling house and described

it as "situated on Lot 5, Block 7, of Blish Place Addition to Wethersfield, a town adjoining Kewanee, Illinois." The house in fact is situated on Lot 7 of said block. Appellant contends that no recovery can be had on this policy in this action at law, but that appellee's only remedy was to file a bill in equity to reform the description. The facts concerning said misdescription are as follows: The house was built by Clara E. Buchanan, when she owned the property. L. M. Buchanan was her agent and attended to the details of the building of the house. As agent for appellant, Phillips came to L. M. Buchanan, while he was inside the house, after the roof was on and windows were in but before the interior work was finished, and asked the latter to let him write the insurance on the house. L. M. Buchanan consented and they discussed and agreed upon the amount for which the policy should be issued. Phillips then asked L. M. Buchanan for a description of the lot, and the latter said he did not know it. Phillips then said that he would ascertain the description and put it in the policy, and he went away and wrote a policy upon the house in favor of Clara E. Buchanan, and inserted the description as it now reads in the present policy, and delivered the policy to L. M. Buchanan for the owner. Successive policies were thereafter annually written by appellant through Phillips, its agent, in favor of Clara E. Buchanan while she owned the property and in favor of appellee after he acquired the property, down to and including the policy here sued upon. Phillips wrote the same description in each of those policies. The mistake was entirely that of the agent, without any knowledge of any of the insured parties of this mistake in the description. While one of those former policies was in force there was a small fire loss. The insured claimed pay therefor and appellant adjusted the loss and paid it. Both parties then treated this description as covering this house. We regard it

528　Appellate Courts of Illinois.

Buchanan v. Scottish Union & Nat'l Ins. Co., 210 Ill. App. 523.

as settled law in Illinois that under such circumstances the insurance company is bound by the acts of its agent, and, if he made any mistake in the description in the policy, the insurance company is estopped to insist upon such a mistake as a defense to an action at law. While appellee could have filed a bill to reform the description, he was not bound to do so. These principles are laid down in *Atlantic Ins. Co. v. Wright,* 22 Ill. 462; *Commercial Ins. Co. v. Ives,* 56 Ill. 402; *Lumbermen's Mut. Ins. Co. v. Bell, supra; Abrahamson v. Hartford Fire Ins. Co.,* 181 Ill. App. 254; *German Ins. Co. v. Miller,* 39 Ill. App. 633, and other cases. In the *Bell* case, *supra,* the application was made for "the estate of James Bell," as owner. By mistake the policy was issued to "James Bell." It was afterwards renewed in that name, and the suit was for a loss under the latter policy. James Bell was dead before each of these policies was issued, and it was argued that the policy sued on was void for that reason. It was held that where there was an erroneous description in the policy by accident, recovery could be had at law without going into equity to have the policy reformed. The case at bar is even stronger, because the mistake was exclusively that of the agent, who undertook to ascertain and insert the proper description of the property. We are cited to numerous cases in other jurisdictions holding to the same effect, but we deem it unnecessary to consider them. There is another reason why it seems to us that this action at law can be maintained upon this policy. When the first policy was issued on this property, and ever afterwards until this fire, there was no other dwelling house on said Block 7. It was the dwelling house that was insured and not the real estate. We are of the opinion that the number of the lot can be treated as surplusage and then the policy describes the only dwelling house on said Block 7.

The policy sued on insured the property as "oc-

cupied and only while occupied as a dwelling house.''
It also contained this clause: ''permission to remain
vacant while seeking or changing tenants.'' Some
time about the middle of November, 1916, after a con-
versation between L. M. Buchanan and Phillips, a
rider was attached, which was as follows:

"TWO-THIRDS VACANCY CLAUSE.

''Permission is hereby given that the premises here-
in described may remain vacant or unoccupied for a
term of until the 8th day of January, 1916, at noon.

''And in consideration of the increased hazard by
reason of such vacancy, it is hereby understood and
agreed that during such vacancy one-third of the
amount of the insurance hereunder upon above named
premises, shall be and remain suspended and of no
effect, and in case of loss this company shall not be
liable to pay or make good to the assured exceeding
two-thirds of the amount insured on said premises,
not exceeding two-thirds of the amount of loss or dam-
age thereto.''

This property became vacant about that time. The
fire occurred during said vacancy, during the night
between December 8 and 9, 1916. During that vacancy
and up to the fire, L. M. Buchanan was seeking a ten-
ant. The verdict is for the full face value of the prop-
erty and interest. Appellant contends that under
said rider only two-thirds of the face of the policy
could be recovered. Appellee contends that he is re-
lieved from the effect of the two-thirds vacancy clause
by what was said between Phillips and L. M. Buchanan
before and at the time when the rider was attached,
and also after the fire. L. M. Buchanan was then the
agent of appellee, and appellant contends that his
testimony concerning said conversations with Phillips,
then agent of appellant, and deceased at the time of
the trial was incompetent under the statute above
referred to. No one but L. M. Buchanan testified to
those conversations. If we treat his testimony thereto
as incompetent, then we have competent proof only of
the fact that the rider was attached by Phillips about

the middle of November, 1916, without any explanation of the reasons why he attached it. At the time of the fire appellee had two vacancy permits in force. The first was in the original policy and afforded him protection to the full amount of .the policy while he was seeking or changing tenants. He had paid a premium for that contract of protection, and had never released it. He had another vacancy permit which would have been available for only two-thirds of the loss, which he could rely upon if he concluded to sell ·the premises and leave them vacant until he could find a purchaser, or while he was painting the building or making repairs, or while he removed from California to occupy the house himself. That a tenant was being sought when the fire occurred was positively proved and was not disputed at the trial, nor is it questioned here. Because there was no conflict in the evidence on that subject, it was not necessary that the trial court should submit that question to the jury. Because the vacancy permit in the original policy gave appellee protection to the full amount of the policy, which was also proved to be considerably less than the actual loss from the fire, while he was seeking a tenant, we deem it unnecessary to decide whether the evidence of the conversations with Phillips in November, 1916, was competent or incompetent. Treating it as incompetent, still appellee was entitled to recover the full amount of the policy. As the verdict was not the decision of the jury upon the evidence, but by the direction of the court, the admission of incompetent testimony, if any, did no harm, if the competent testimony justified the direction by the court. This is in harmony with what was decided in *Heinsen v. Lamb,* 117 Ill. 549, 557, and in *Anthony v. Wheeler,* 130 Ill. 128. The judgment gives appellee just the protection he paid for. To reduce it one-third, as asked by appellant, would be to deprive appellee of the protection he paid for.

The judgment is therefore affirmed.

*Affirmed.*