George Ladone for Use of Rose Ware, Appellee, v.
National Casualty Company, Appellant.

Gen. No. 37,805.

Opinion filed March 11, 1935. Rehearing denied March 25, 1935.

GEORGE C. BLISS, of Chicago, for appellant.

JOSEPH D. RYAN, LOUIS P. MILLER and LOUIS G. DAVIDSON, all of Chicago, for appellee.

MR. PRESIDING JUSTICE O'CONNOR delivered the opinion of the court.

Rose Ware brought an action against Salvatore Granata and George Ladone to recover damages for personal injuries claimed to have been sustained by her on account of being struck and injured by an automobile, through defendant's negligence. Apparently

the suit was dismissed as to Granata, Ladone was defaulted, and there was a judgment against him for $7,500. An execution was returned *nulla bona,* and afterward garnishee summons was issued against the National Casualty Company, which company had issued a liability insurance policy on the automobile. There was a trial on this issue before the court without a jury, and a finding and judgment entered in favor of George Ladone for the use of Rose Ware against the garnishee for $7,828.12, and the garnishee appeals.

The record discloses that Salvatore Granata was in the undertaking business in Chicago; his family consisted of himself, his wife, Loraine, a single daughter about 23 years of age, and a son, Frank, about 19 years of age; that July 13, 1929, he bought a Ford automobile for his son Frank from the Litsinger Motor Company. A bill of sale was issued by the motor company, giving a description of the car and showing that Frank was the purchaser. The father paid for the car and shortly thereafter delivered the bill of sale to a Mr. Braband, who was engaged in the insurance business, and requested that the ordinary form of insurance be placed on the automobile. Afterward Braband delivered the insurance policy in question to Salvatore Granata, who paid him the annual premium of $32.40. The policy covered the period from July 13, 1929, to July 13, 1930. In this policy it is stated that Salvatore Granata owned the Ford automobile. Thereafter the car was used by Frank Granata, the son, and apparently was sometimes used by other members of the family. All of the parties treated the car as belonging to Frank.

January 5, 1930, about six months after the car was purchased, George Ladone, 23 years of age, was driving the Ford automobile when he struck and injured Rose Ware, and as stated, she brought suit against Ladone and Salvatore Granata, to recover damages for personal injuries, with the result above stated.

The evidence further is to the effect that Ladone had permission from Frank to drive the car at the time of the accident, and there is some evidence that he was also authorized by the sister, Loraine, to use the car at the time in question in delivering some flowers for her.

The policy stated that the automobile mentioned in the policy was "owned exclusively by the Assured." (Salvatore Granata.) It also contained a provision which is commonly called the "Omnibus Clause," which provides that "any person or persons while riding in or operating any of such automobiles . . . shall be considered as an additional Assured under the policy"; that this provision shall not apply "unless the riding, use or operation above referred to be with the permission of the Assured . . . or . . . with the permission of an adult member of such Assured's household other than a chauffeur or domestic servant."

It further appears that a short time before the Ford car was purchased Salvatore Granata sold a Chrysler automobile which he owned, and after the Ford car was purchased the license plates were transferred to it and they were on the Ford at the time of the accident.

In this court counsel for both sides say that the Ford automobile was owned by the son, Frank, and counsel for plaintiff contends that the judgment should be affirmed because Salvatore Granata, although he did not own the automobile, had an insurable interest in it, and the policy for this reason is valid and enforceable—that the ownership of the automobile, under the circumstances, is immaterial. In support of this counsel say, "An insurable interest, as it applies to the case under discussion, does not necessarily depend on any interest in the ownership of the car. A judgment might be rendered against Salvatore Granata even though he were not the owner, if an accident occurred while the car was being driven by him, in his business, or under his direction. Against any of these contin-

gencies he had a perfect right to procure insurance.''
Whether this contention is sound is wholly immaterial
here, because there was no judgment rendered against
Salvatore Granata. On the contrary, he was dismissed
out of the personal injury case. Whether Salvatore
Granata may have an insurable interest under some
circumstances is wholly immaterial to the instant case.

There is some evidence to the effect that Braband
was the agent for the insurance company in writing
and delivering the policy and in collecting the pre-
mium. He was given the bill of sale issued by the
Litsinger Motor Company showing that the car be-
longed to Frank Granata and requested that a policy
of insurance be written. The policy having been writ-
ten, showing Salvatore Granata to be the owner of the
car, was apparently through a mistake which was not
discovered until after the accident. In these circum-
stances the proper procedure would be by bill in equity
to reform, and to enforce the policy as reformed.
While there are authorities that hold that a recovery
may be had without reformation, such as *Buchanan v.
Scottish Union & National Ins. Co.,* 210 Ill. App. 523,
and authorities there cited, yet we have found no case
where this was done where there was a mistake similar
in character to the mistake in the policy before us.
Moreover, no contention was made in the trial court
nor in this court that the policy should be held to insure
Frank Granata.

There is considerable argument in the briefs as to
whether Braband was the agent of the insurance com-
pany or of Salvatore Granata; but we think that was a
question of fact. *Roy Iverson Co. v. United States
Lloyds, Inc.,* 251 Ill. App. 150. In that case, in discuss-
ing whether a broker represented the assured or the
insurance company, we said (p. 153): ''The fact that
he calls himself a broker does not in any way tend to
show that he was not the representative of the defend-

ant in the instant case. There is no magic in the term 'broker' that will permit an insurance company to hide behind him in case of a loss and insist that he is the representative of the assured, as is too often sought to be done, and is the fact in the instant case.''

We think there was no error in the admission of parol evidence on the question whether Braband was the agent of the assured or of the insurance company. To determine that question, it was proper to adduce all the facts as to what was said and done by the parties. We are further of the opinion that the plaintiff was not estopped to contend that Ladone was an ''additional Assured'' under the policy, nor was the defendant estopped from contesting the policy because it had defended Salvatore Granata in the personal injury case. The policy expressly provides that the insurance company shall defend the assured in any suit brought against him ''even if groundless.''

Since both parties contend that the Ford automobile mentioned in the policy was owned by Frank Granata and not by his father, and for the other reasons stated in this opinion, no recovery can be had unless the policy were reformed.

The judgment of the superior court of Cook county is reversed and the cause remanded.

*Reversed and remanded.*

McSURELY and MATCHETT, JJ., concur.