**Wilma HIGHSMITH, Plaintiff-Appellant,**

v.

**AETNA CASUALTY & SURETY COM-PANY, Defendant-Appellee.**

**No. 14710.**

United States Court of Appeals Seventh Circuit.

Jan. 4, 1965.

Rehearing Denied Jan. 27, 1965.

William D. Hanagan, William L. Dousman, and Hanagan & Dousman, Mt. Vernon, Ill., for appellant.

John E. Jacobsen, Mt. Vernon, Ill., Jack E. Horsley, Mattoon, Ill., Craig & Craig, Mt. Vernon, Ill., for appellee.

Before HASTINGS, Chief Judge, and SCHNACKENBERG and SWYGERT, Circuit Judges.

SWYGERT, Circuit Judge.

This is a diversity action brought by plaintiff Wilma Highsmith against defendant Aetna Casualty & Surety Company for $13,322.25, plus interest and costs, under a public liability insurance policy issued by Aetna to the "Commissioners of Jefferson County Highway Dept., Jefferson County, Illinois." Prior to the instant action plaintiff had brought a personal injury suit in the federal district court for damages against the County of Jefferson, Illinois. Plaintiff claimed that on December 24, 1958, while a passenger in an automobile, she was injured in a highway accident that was caused by the county's negligent failure to properly maintain the road upon which the automobile was being driven at the time of the accident. She was awarded a judgment for $13,042.05 damages against the county. Thereafter, she brought the instant action seeking to re-

cover from Aetna the amount of the judgment. The district court ruled that plaintiff had failed to show that Aetna's policy provided insurance coverage to the County of Jefferson and entered judgment for defendant. This appeal followed.

It is contended for defendant that the County of Jefferson was not the named insured and that there was no evidence to show an intention to insure the county; further, that plaintiff did not seek to reform the insurance contract and that even if she had done so, there was nothing to indicate a mutual mistake of the insured's identity.

■ The district judge ruled that inasmuch as plaintiff had not sought reformation, the issues framed by the pleadings could not be enlarged in order that the court might decide whether the County of Jefferson was the party meant to be insured. We believe that the judge was incorrect in so ruling. Counsel representing the county judicially admitted that there was no such office as the "Commissioners of Jefferson County Highway Department." The business of the named insured was described as "road work," and the insured was listed as a "municipal body." The premiums were based upon the earnings of the county highway construction employees. Moreover, the invoice submitted by Aetna for the premiums covered "county highway operations," and the county records indicated that the invoice was paid by the County of Jefferson.

In the light of these undisputed facts, the district court, in accordance with Illinois law, should have held that Aetna was estopped to deny that the true identity of the insured was the County of Jefferson. In Buchanan v. Scottish Union and National Insurance Company, 210 Ill.App. 523, 527–528 (1918), the appellate court of Illinois, in passing upon a similar question, said: "We regard it as settled law in Illinois that under such circumstances the insurance company is bound by the acts of its agents, and, if he made any mistake in the description in the policy, the insurance company is es-

topped to insist upon such a mistake as a defense to an action at law." The court added: "While appellee could have filed a bill to reform the description, he was not bound to do so." Contrary to defendant's contention, we fail to see how this decision can legally be distinguished from the instant situation simply because the plaintiff is a third party beneficiary seeking to recover under the contract rather than being the insured himself as was the fact in Buchanan.

Having determined that the county was the true insured, we turn to the question of whether the factual situation was covered by the policy.

■ The district court in plaintiff's suit against the county found that the county, acting through its highway employees, permitted a dangerous condition to be created at the intersection where the accident happened by failing to warn the traveling public of a ditch excavation.

Although various types of coverage were available, the policy issued by Aetna provided only for liability for bodily injury or property damage arising from road work in progress, such as paving, surfacing, excavating, filling, or grading. The policy did not cover liability arising from completed operations.

Plaintiff contends: (1) that the construction work at the intersection where the accident occurred had not been completed at the time of her injury and (2) that, even if the construction work had been completed before her injury, the coverage of the policy included liability for the negligence of the county highway employees committed during the time the construction operations were being carried out. For the latter proposition she cites Maretti v. Midland Nat'l Ins. Co., 42 Ill.App.2d 17, 190 N.E.2d 597 (1953), and Hoffman and Klemperer Co. v. Ocean Acc. & Guar. Corp., 292 F.2d 324 (7th Cir. 1961).

It becomes apparent upon an analysis of the district court's findings in the original suit that the actionable negligence found to have been the proximate cause of plaintiff's injury was unrelated to the manner in which the road work under

construction was performed, whether or not it was completed at the time of the accident. For this reason the cases cited by plaintiff are inapposite. There was no finding that there was any negligence in the excavation itself; rather, the actionable negligence, constituting the proximate cause of plaintiff's injury, was found to be the failure to provide adequate warning of the dangerous condition created by the presence of the excavated ditch. Accordingly, there was no causal relationship between the manner in which the ditch was excavated and plaintiff's injury. It follows perforce that the liability of the county for plaintiff's injury was not covered by the policy issued by defendant. The policy unambiguously did not include liability of the county for failure to erect stop, caution, or other warnings of road conditions when such conditions were not caused by negligent acts of county highway department employees during the course of road work performed by them. For that reason the judgment of the district court denying plaintiff's recovery is affirmed.